U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 8 2015

TONY R. MOORE, CLERK
BY _____
                  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMANDA BALL, individually and on behalf of her minor children | CIVIL ACTION NO. 14-2855 |
| VERSUS | JUDGE TRIMBLE |
| ST. MARY'S RESIDENTIAL TRAINING SCHOOL, RAPIDES PARISH SCHOOL BOARD, KAREN COOR, LESLIE DRAPER, ANITA MOORE, HEATHER NIDA, STEPHANIE WARDEN, SOMONA ALLEN, CHRISTI GUILLIOT, MAVIS CHAMPAGNE and TONY VETS | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by St. Mary's Residential Training Academy ("St. Mary's"), Karen Coor, Leslie Draper, Anita Moore, Heather Nida, Stephanie Warden, Somona Allen, Christi Guilliot, Mavis Champagne and Tony Vets (collectively hereinafter "Defendants").[1]  For the reasons expressed below, the court finds that Defendants' motion should be GRANTED in full, resulting in partial dismissal of the claims against them by Plaintiff in the above-captioned suit.

---

[1] R. 5.

I.      BACKGROUND

*Relevant Facts*

Plaintiff, Amanda Ball, is the natural mother of three minor children on behalf of whom she brings the instant suit.[2]  Plaintiff asserts that she enrolled her minor son, K.G., who she describes as being disabled "within the meaning of state and federal laws" in St. Mary's in June of 2013.[3]  Plaintiff alleges that she arrived for a scheduled visit with K.G. at St. Mary's on October 3, 2013 and "discovered that K.G. had been physically, psychologically, and emotionally abused while he was in the care, custody, and control of [D]efendants."[4]  Plaintiff asserts that she found K.G. with "several cuts, bruises and wounds" and judged him to be "significantly underweight" and "pale."[5]

Plaintiff filed the instant suit in this court on or about October 2, 2014, asserting claims under 42 U.S.C. § 1983; the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA")(20 U.S.C. § 1400, et seq.); Section 504 of the Rehabilitation Act of 1973 ("Section 504") (29 U.S.C. § 794) and Title II of the Americans with Disabilities Act ("Title II") (42 U.S.C. § 12101, et seq.).  Plaintiff's suit also asserts state law claims under the Louisiana Constitution, Louisiana Civil Code Article 2315, and for "breach of warranty and/or contract, misrepresentation [and] fraud."[6]

Defendants filed the instant motion seeking dismissal of a portion of the claims asserted in this suit under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) under theories explored below.  The court

---

[2] R. 1 at ¶ I.
[3] Id. at ¶¶ III, XI – XIII.
[4] Id. at ¶ XXI.
[5] Id. at ¶ XXI.
[6] Id. at ¶ I.

received and has thoroughly reviewed briefs on this matter and finds the issues proper for decision at this time.

II.     **ANALYSIS**

*Plaintiff's IDEA Claims*

Defendants' motion asserts that Plaintiff's claims under IDEA fail as a matter of law and must be dismissed under Fed. R. Civ. P. 12(b)(1) because this court lacks subject matter jurisdiction over them due to Plaintiff's failure to exhaust available administrative remedies prior to filing her claim in this court.

"IDEA imposes an affirmative obligation on states to assure disabled children a free appropriate public education…"[7]  IDEA provides parents the right to access records regarding the "identification, evaluation, and educational placement of the child, to receive prior written notice of administrative actions, and to present complaints."[8]  Upon the presentation of any such complaint, parents are entitled to an impartial due process hearing to be conducted by the local education agency.[9] Parents may appeal any decision reached by the local agency to the state agency.[10]  Finally, if the parents remain unsatisfied with the decision of the state agency on appeal, they may file a civil suit in state or federal district court.[11]

Defendants point out several issues pertaining to Plaintiff's claims under IDEA:  (1) St. Mary's is not a public educational institution, but is, instead, private and, therefore, not subject to this provision; (2) Plaintiff did not exhaust any available administrative remedies prior to

---

[7] 20 U.S.C. § 1415(a); D.A. ex rel. Latasha A. v. Houston Indep. School Dist., 629 F.3d 450, 453 (5th Cir. 2010).
[8] 20 U.S.C. § 1415(b)(1); Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 110 (5th Cir. 1992).
[9] 20 U.S.C. § 1415(b)(2); Id.
[10] 20 U.S.C. § 1415 (g); Id.
[11] 20 U.S.C. § 1415(i)(2); Id.

bringing this suit, rendering this court without subject matter jurisdiction to hear this claim; (3) Plaintiff's claims are for abuse and neglect and not for any issue relating to the "identification, evaluation, and educational placement" of her son, bringing them outside the ambit of IDEA; (4) Plaintiff may not seek general damages under IDEA, which only provides for prospective educational relief.

This court's first concern is, of course, with our jurisdiction to hear any claim presented.[12]  Federal courts are courts of limited jurisdiction, possessing only that which is conferred by the Constitution or statute.[13]  The burden of proving jurisdiction rests with the party asserting its existence.[14]  A party may challenge the court's jurisdiction to hear any claim or suit under Fed. R. Civ. P. 12(b)(1) and, if the non-moving party fails to demonstrate the existence of jurisdiction in the matter, the court may not proceed and must ordinarily dismiss the suit without prejudice.[15]  Lack of subject matter jurisdiction may be found in any of these instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[16]

Plaintiff's response essentially admits that her claims do not fall within the purview of IDEA and effectively abandons such claims against movants.  Having presented no evidence of the prior exhaustion of administrative remedies in response to the motion before us, we find that Defendants' motion should be granted and, accordingly, any purported claims by Plaintiff

---

[12] Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).
[13] Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).
[14] Id.
[15] Ramming, 281 F.3d at 161 citing Hitt v. City of Pasedena, 561 F.2d 606, 608 (5th Cir. 1977).
[16] Id. citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

under IDEA shall be dismissed without prejudice.[17]   We note that Defendants' remaining arguments as to the viability of Plaintiff's IDEA claims are now moot in light of our jurisdictional finding.

### Plaintiff's Title II and Section 504 Claims

Defendants assert that both Title II of the ADA and Section 504 of the Rehabilitation Act of 1973 require, at a minimum, the allegation that a child was prevented from accessing the benefits of a federally funded educational program because of his or her disability.  Defendants further assert that Plaintiff's allegations concern abuse and neglect, which neither Title II, nor Section 504 were created to address.  Defendants point out that Plaintiff's complaint does not allege that any of the harm allegedly done to her minor son was done "because of his disability."  Moreover, Defendants point out that neither of these provisions allow for claims against individuals or for the remedy of punitive damages.  Defendants seek dismissal of these claims under Fed. R. Civ. P. 12(b)(6).

Title II of the ADA is intended to ensure that

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.[18]

Similarly, Section 504 provides that no qualified individual with a disability

> shall solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.[19]

---

[17] 20 U.S.C. § 1415(i)(2); <u>Gardner v. School Bd. Caddo Parish</u>, 958 F.2d 108 (5th Cir. 1992).
[18] 42 U.S.C. § 12132.
[19] 29 U.S.C. § 794(a).

We are instructed that both provisions are to be interpreted under the same legal standards and that they offer identical remedies.[20]  In order to state claims for relief under these provisions, therefore, Plaintiff must allege: (1) that her son was a qualified individual with a disability; (2) that her son was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and that (3) such exclusion was based on her son's disability.[21]

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserts that Plaintiff's complaint fails to state a claim as to which relief may be granted under applicable law.  The court must construe the Complaint liberally and in favor of the Plaintiff, taking all well-pled facts in the complaint as true for purposes of the motion.[22]  The court, in reviewing such motion, must therefore determine whether the challenged complaint, viewed in the light most favorable to the Plaintiff and with every doubt resolved on his behalf, states any plausible claim for relief.[23]

Defendants cite a 2007 report and recommendation issued by U.S. Magistrate Judge Karen L. Hayes in the matter of Woods v. G.B. Cooley Hospital Service District as authority that the ADA (and by extension, Section 504) should not be read to include a right of action for intentional tort outside of that which is undertaken in order to exclude one from participation in or to deny the benefits of the services, programs, or activities of a public entity to a disabled individual.[24]  Plaintiff cites no authority, but argues that the use of the word "or" in the

---

[20] Olmstead v. Zimring, 527 U.S. 581 (1999); Kemp v. Holder, 610 F.3d 231, 234-35 (5th Cir. 2010).
[21] 42 U.S.C. § 12132.
[22] Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009) (internal citations omitted).
[23] Id.
[24] 2007 WL 4812054.  We note that citation to a report and recommendation is generally disfavored, as there is no citation to the judgment of the presiding judge either adopting or rejecting the proposed findings of the Magistrate Judge in this instance.

provisions should require that the phrase "subjected to discrimination" be interpreted as wholly independent causes under the statutes, thereby enlarging the violations actionable under these provisions.

As cited above, the purpose of both Title II and Section 504 is to create private rights of action to deter discrimination based on disability.  Plaintiff's complaint does not allege that her son was discriminated against based on disability or that her son was treated differently than others who were not disabled.  Similarly, Plaintiff's complaint does not allege a denial of access to any program, benefit, service or activity based on his disability.   Rather, read as broadly as we are able, Plaintiff's complaint alleges that her minor son was abused and neglected while in the care of Defendants.   These are serious allegations, which the court should not be understood to minimize here.  However, Plaintiff's remedies for breach of contract, intentional tort and negligence do not lie within Title II or Section 504 and remain for further proceedings.

We agree with Defendants that Plaintiff should not be permitted a dismissal without prejudice as to her Title II and Section 504 claims.  No attempt to amend the complaint has been made and Plaintiff has not described any discovery which is necessary or what information is sought by that discovery.  A blanket assertion that discovery may lead to additional claims is not sufficient grounds for a dismissal without prejudice.

Defendants' motion will be granted as to these claims and they will be dismissed with prejudice.  The court will issue a judgment in conformity with these findings and specifically reserving all other claims for further proceedings.

Alexandria, Louisiana
May 28 , 2015

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

7