U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR - 3 2017

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AMANDA BALL, individually and o/b/o Her minor children | CIVIL ACTION NO. 2:14-2855 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| RAPIDES TRAINING ACADEMY, ET AL | MAG. JUDGE KAREN HAYES |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #58) filed by defendant, the Rapides Parish School Board ("RPSB"), wherein pursuant to Federal Rule of Civil Procedure 12(b)(6) the mover seeks to dismiss with prejudice the following causes of action: (1) claims under Title II of the Americans with Disability Act ("ADA"), (2) 42 U.S.C. § 12101, et seq. ("Title II"), and (3) claims under the Individuals with Disabilities Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 et seq.[1]

## FACTUAL ALLEGATIONS

Plaintiff, Amanda Ball, brings these claims individually and as the natural mother of her three minor children. In her complaint, Mrs. Ball alleges that she enrolled her minor son, K.G., whom she describes as disabled "within the meaning of state and federal laws", in St. Mary's Residential Training Academy ("St. Mary's") in June 2013.[2] In the fall of 2013, K.G. began attending classes at the Rapides Training Academy ("RTA"), a public school for children with disabilities, operated within the Rapides Parish School System by the Rapides Parish School Board.[3] Ms. Ball removed K.G. from St. Mary's on October 3,

---

[1] The RPSB also seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) of plaintiffs' IDEA claims for lack of subject matter jurisdiction. Because we find that substantively Plaintiffs' claims under IDEA should be dismissed with prejudice, we pretermit as to a finding pursuant to Rule 12(b)(1).
[2] R. #1, at ¶ ¶ III, XI, - XIII.
[3] The Rapides Parish School Board is a political subdivision of the State of Louisiana.

1

2013 when she purportedly arrived at the RTA for a "scheduled visit" with K.G. and "discovered that K.G. had been physically, psychologically, and emotionally abused while he was in the care, custody, and control of defendants."[4] Mrs. Ball alleges that K.G. had "several cuts, bruises and wounds, was significantly "under weight" and was "pale."[5]

Mrs. Ball generally alleges that K.G. was the "victim of mental, psychological and physical abuse by acts/or omissions which were both intentional and the result to [sic] the fault/neglect of" St. Mary's and RTA.[6] Mrs. Ball further alleges that the teachers, staff administrators and/or care providers at St. Mary's and RTA should have been aware of said abuse while K.G. was in their care, custody or control, but failed to report it to either Mrs. Ball or any authority.[7]

### **RULE 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[8] The pleading must allege facts which, when taken as true, raise the pleader's claim. A motion

---

[4] R. #1, ¶ ¶ IV, XIV, and XXI.
[5] Id.
[6] Id. ¶ XVI.
[7] Id. at ¶ ¶ XVI – XVIII.
[8] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).

to dismiss for failure to state a claim should be denied unless "it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition.[9]

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[10] A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action."[11] However, even those facts which are extremely doubtful are to be assumed correct.[12]

## LAW AND ANALYSIS

In its motion, RPSB seeks to dismiss Plaintiffs' claims under Title II of the Americans with Disability Act ("ADA"),[13] § 504 of the Rehabilitation Act of 1973 ("§ 504),[14] and the Individuals with Disabilities Improvement Act of 2004 ("IDEA"),[15] for failure to state a claim for which relief can be granted.

*Title II of the ADA and § 504 claims*

Title II of the ADA provides in pertinent part:

> Subject to the provisions of this title, no qualified individual shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Similarly, § 504 provides that no qualified individual with a disability

> Shall solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.[16]

---

[9] Banco Contintental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969)(quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).
[10] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[11] Whitley v. Hanna, 726 F.3d 631, 638 (2009)(quoting Ashcroft, 556 U.S. at 678).
[12] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).
[13] 42 U.S. § 12101, et seq.
[14] 29 U.S.C. § 794.
[15] 20 U.S.C. § 1400 et seq.
[16] 29 U.S.C. § 794(a).

Title II of the ADA and § 504 are to be interpreted under the same legal standards and they offer identical remedies. To establish a *prima facie* case of discrimination under Title II, Plaintiffs must demonstrate (1) K.G. is a qualified individual within the meaning of the ADA; (2) K.G. has been excluded from participation in, or has been denied benefits of, services, programs, or activities for which the public entity is responsible, or has otherwise been discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability.[17] RPSB maintains that Plaintiffs' complaint fails to allege that K.G. was excluded from participation in any services, programs, or activities for which RPSB is responsible, nor was K.G. denied any benefits he might be entitled under the Act, and there are no allegations that K.G. was discriminated against.

The purpose of Title II and § 504 is to create a private right of action to deter discrimination based on disability. Plaintiffs do not allege that K.G. was treated differently than others who were not disabled, nor are there any allegations of a denial of benefits based on K.G.'s disability. Again, as stated in our previous ruling,[18] the complaint alleges that K.G. was abused and neglected while in the care of Defendants which does not lie within Title II or § 504. Accordingly, these claims against RPSB will be dismissed with prejudice.

### *IDEA claims*

RPSB maintains that Plaintiffs' IDEA claims must be dismissed for lack of jurisdiction because of failure to exhaust administrative remedies and because Plaintiffs' claims fall outside the scope of the IDEA. In her opposition brief,[19] Plaintiffs concede that they are not attempting to make claims under the IDEA.[20] Accordingly, all claims pursuant to IDEA shall be dismissed with prejudice.

---

[17] 42 U.S.C. § 12132; Lightbourn v. County of El Paso, Tex., 118 F.3d 428 (5th Cir. 1997).
[18] R. #23.
[19] R. #11, adopted by reference.
[20] Id. p. 10.

## CONCLUSION

For the reasons set forth above, RPSB's motion to dismiss will be granted dismissing with prejudice Plaintiffs' claims made pursuant to Title II of the ADA, § 504 and IDEA . The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 3rd day of April, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE